OPINION
{¶ 1} Defendant-appellant, Betty Scruggs, administrator of the estate of Jahalla L. Rowland, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, denying her reimbursement for payments allegedly owed pursuant to a separation agreement. We affirm.
 {¶ 2} Timmy and Jahalla Rowland were married in February 1991. Their four-and-one-half-year union produced no children and ended in divorce in August 1995. Subsequent to the filing of the divorce complaint by plaintiff-appellee, Timmy Rowland, the parties entered into a separation agreement. Signed on July 25, 1995, this agreement provided in part:
 {¶ 3} "3. Spousal Support. Neither party shall pay monthly spousal support to the other party and the parties state that all future rights to alimony are being waived, except where otherwise stated below. * * *
 {¶ 4} "6. Present Debts. The parties acknowledge that Husband shall pay the following marital debts: (a) First and Second mortgage on Wife's residence through Chaco Credit Union. The total amount of the mortgage debt is approximately $30,000.00. Husband shall pay the current balance due and shall hold Wife harmless thereon and indemnify Wife for any liability or loss whatever. * * *"
 {¶ 5} Immediately following paragraph six of the agreement was this provision: "Husband's payment of the balances due in paragraph 6 shall be considered as spousal support for Wife as she would not be able to make an adequate home for herself were it not for Husband's assumption of these debts."
 {¶ 6} On August 31, 1995, the trial court entered a decree of divorce incorporating the aforementioned separation agreement. Following the divorce, appellee paid the mortgage on Jahalla's house in compliance with the terms of the agreement. Appellee continued to pay this debt until Jahalla passed away in January 2000. Believing that this debt obligation terminated upon his ex-wife's death, appellee discontinued mortgage payments at that time. In order to prevent foreclosure on the property, Jahalla's family assumed the debt and paid off the mortgage in June 2000. The property was transferred to appellant, Jahalla's sister, in March 2001. Appellant became the administrator of Jahalla's estate in April 2005.
 {¶ 7} On May 12, 2005, appellant moved to revive the trial court judgment of August 1995 incorporating the separation agreement. Appellant's motion sought relief in the amount of $36,000.00 as reimbursement for the balance of the mortgage plus interest. Appellant filed two additional motions on June 16, 2005, including a contempt motion for nonpayment of the mortgage and a motion for lump sum judgment. In a decision dated August 30, 2005, the trial court denied all three motions. Appellant timely appealed.
 {¶ 8} In a single assignment of error, appellant challenges the trial court's determination that appellee's obligation to pay the mortgage terminated upon Jahalla's death. Claiming that R.C.3105.18 is inapplicable to an award of spousal support pursuant to a separation agreement, appellant maintains that appellee's obligation to pay survived Jahalla's death because the agreement did not specify to the contrary. Appellant characterizes the trial court's decision as an improper modification of spousal support in view of the fact that the separation agreement did not authorize the court to modify the terms of the support award. See R.C. 3105.18(E)(1).
 {¶ 9} Appellate review of trial court determinations in domestic relations cases generally entails the abuse of discretion standard. Booth v. Booth (1989), 44 Ohio St.3d 142,144. This standard is employed in reviewing orders relating to spousal support, child custody, and division of marital property. Id., citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, and Martin v. Martin (1988), 37 Ohio St.3d 292. "Since it is axiomatic that a trial court must have discretion to do what is equitable upon the facts and circumstances of each case, it necessarily follows that a trial court's decision in domestic relations matters should not be disturbed on appeal unless the decision involves more than an error of judgment." (Citation omitted.) Booth at 144. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore at 219.
 {¶ 10} In this uncontested divorce, the trial court found the agreed-upon terms of the separation agreement to be fair and equitable and incorporated the terms into the divorce decree. Noting that the parties' marriage was terminated pursuant to an action for divorce, the court determined that R.C. 3105.08(B) controlled spousal support issues. The court highlighted the language from paragraph three of the separation agreement specifying that spousal support was waived "except as otherwise stated below," and cited the itemization of balances in paragraph six. The court then referred to the provision immediately following paragraph six which labeled appellee's payment of the balances contained therein as "spousal support." Based upon these provisions, the trial court concluded that appellee's payments of the balances itemized in paragraph six constituted spousal support.
 {¶ 11} R.C. 3105.18(B) permits a trial court to award reasonable spousal support incident to a divorce action. Crousov. Crouso, Union App. No. 14-02-04, 2002-Ohio-3765, ¶ 15. This statute includes the following:
 {¶ 12} "In divorce and legal separation proceedings, upon the request of either party and after the court determines the division or disbursement of property under section 3105.171 of the Revised Code, the court of common pleas may award reasonable spousal support to either party. * * * Any award of spousal support made under this section shall terminate upon the death of either party, unless the order containing the award expressly provides otherwise."
 {¶ 13} The separation agreement in the present matter did not provide that the obligations imposed thereby were intended to survive the death of either spouse. Therefore, under R.C.3105.18(B), appellant's spousal support obligations came to an end upon Jahalla's death. The language of the agreement providing that Jahalla "would not be able to make an adequate home for herself" if appellant did not assume the debts demonstrated the parties' intent that the agreement was to support Jahalla, not her heirs. See Key v. Key (July 3, 2000), Madison App. No. CA99-08-020, at 3-4 (explaining that a separation agreement is a contract subject to the same rules of construction as other contracts). By assuming payments on the mortgage from the time of the divorce to the time of Jahalla's death, appellant fulfilled his spousal support obligation. The trial court thus did not abuse its discretion in finding that this support obligation terminated upon Jahalla's death.
 {¶ 14} Appellant's first assignment of error is overruled.
 {¶ 15} Judgment affirmed.
Powell, P.J., and Young, J., concur.